# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA—Western Division

| | |
|---|---|
| STEPHANIE SHORT,<br><br>        Plaintiff,<br><br>   v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS and the INTERNATIONAL BROTHERHOOD OF TEAMSTERS RETIREMENT AND FAMILY PROTECTION PLAN,<br><br>        Defendant. | Case No.: CV12-10993 GAF(FFMx)<br><br>*Assigned to the Hon. Gary Feess*<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>Note Changes Made by the Court. |

     Subject to the approval of this Court the parties stipulate to the following protective order:

     1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential Information" under the terms of this Stipulated Protective Order (hereinafter "Order"). "Confidential Information" as used herein is information that has not been made public and includes any documents produced by a party in this action, or by a third party in response to a subpoena, which are, in good faith, determined by the Disclosing Party to contain Confidential Information of a non-public nature, including but not limited to:

/ / /

      (i)     Personnel files of IBT's current and former employees, applications for employment and other employee-related information;

      (ii)    References;

      (iii)   Payroll information;

      (iv)   Home or personal addresses and phone numbers;

      (v)    Dates of birth;

      (vi)   Social Security numbers;

      (vii)  Plaintiff's medical records and healthcare information (whether produced by Plaintiff or by Plaintiff's medical providers in response to a request and release from Defendant.

      2.    Copies of any such information which a party contends is confidential may be stamped "CONFIDENTIAL" and/or be identified as "CONFIDENTIAL" or subject to a protective order in response to discovery requests or, if provided by Plaintiff's medical providers, shall automatically be deemed Confidential. Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making such designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

      3.    All information in whatever form subject to this Order, shall be used by the receiving party only in connection with the above-referenced action, *Stephanie Short v. International Brotherhood of Teamsters*, which is pending in the United States District Court for the Central District of California, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

/ / /

4. All information subject to this Protective Order shall be revealed only as follows:

(a) To the Court;

(b) Attorneys of record for the parties in this litigation, in-house counsel for those parties which are legal entities, insurance adjusters assigned to this case by an insurance company that may be obligated in whole or in part to pay for the defense, settlement and/or judgment in this case, and employees or independent contractors (i.e. contract lawyers, document imaging and electronic discovery companies, computer forensic companies, litigation support companies, and others) of such attorneys of record and/or in-house counsel to whom it is necessary that the Confidential Material be shown for purposes of this litigation;

(c) Each party to this case or, where the party is a legal entity, such party's representatives;

(d) To court reporters and/or videographers retained for use in this matter;

(e) Any deponent (solely for the purposes of his/her deposition or preparation for that deposition) if such information is necessary to his/her testimony;

(f) Any witness if such information is necessary to that witness's testimony, but the witness shall not be able to retain any Confidential Material;

///

///

///

(g) To law clerks, paralegals, legal assistants, stenographic and clerical employees of counsel referred to in Paragraph 3(b), who have agreed to abide by the terms of this Order and who are operating under the direct supervision of counsel;

(h) To any person who is indicated, on the face of a document containing such information, to be the author or recipient of such document, or who, during a deposition, is established as knowledgeable of the contents of such document;

(i) To independent experts working on behalf of a party for the purposes of this litigation who have agreed to abide by the terms of this Order; and

(j) Any person designated as a mediator by Court Order or by agreement of the parties who agrees to be bound by this Order. Agreement to abide by the terms of this Order shall be evidenced by compliance with the provisions of Paragraph 5 of this Order.

5. Prior to receiving Confidential Information, each person listed in paragraph 4(b) through 4(j) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A. No Confidential Information shall be disclosed to any person until the person to whom disclosure is to be made has:

(a) Read this Order in its entirety; and

(b) Signed and dated a copy of Attachment A signifying his/her agreement to its provisions and consent to the jurisdiction of the Court over his/her improper disclosure.

4

6. No person who examines any Confidential Information produced pursuant to this Order shall disseminate orally, in writing, or by any other means any such Confidential Information to any other person not also authorized to examine information under the terms of this Order. Confidential Information shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations and abstractions shall be subject to the terms of this Order, and labeled in the same manner as the designated material on which they are based. Failure to abide by this provision may lead to sanctions, up to and including dismissal of this lawsuit with prejudice, or the striking of pleadings.

7. If original documents are produced for inspection pursuant hereto, the producing party and its attorneys of record have the right to have a person present in the inspection room at all times during the inspection of such documents. The original documents produced under the terms of this Order shall remain in the custody and control of the producing party at all times.

8. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, over breadth, burdensomeness, or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law. Nothing in this Order shall be construed to be an admission against a party or constitute evidence of any fact or issue in this case.

9. The production of any Confidential Information subject to this Protective Order shall not constitute a waiver of a party's right to claim in this lawsuit or hereafter that said information is privileged and/or otherwise non-discoverable or inadmissible as evidence in this lawsuit.

/ / /

1  10. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed to constitute in whole or in part a waiver of, or estoppel as to, the party's right to claim in this action or thereafter that said information is Confidential. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

11. Any information, document or thing mistakenly produced without a "Confidential" designation may be subsequently designated by the producing party as "Confidential" at any time pursuant to the terms of this paragraph without waiving the confidential nature of the document or thing. In such case, the designating party shall provide to the other party written notice within five (5) business days of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph.

12. Documents which have been labeled CONFIDENTIAL by either party, including any portion of a deposition transcript designated as Confidential, shall, if **submitted** filed as an attachment to any filing in this action **shall be accompanied by an application pursuant to Local Rule 79-5.1 requesting that the confidential material be filed under seal** via the Court's ECF system, be filed under seal, with access limited to parties and attorneys of record in the matter. **Any proposed filing containing** information **taken from** contained in confidential documents should also be **submitted along with such an application** filed under seal. The parties are **not** granted **blanket** leave to file confidential materials and

memoranda discussing confidential materials under seal ~~for consideration by the Court~~. **(FFM)**

13. Subject to the Federal Rules of Evidence and any final pretrial filing or order identifying trial exhibits, Confidential Information produced pursuant to this Order may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information.

14. Within thirty (30) days of the termination of litigation between the parties, all Confidential Information, and all copies thereof, shall be returned to the party who produced it upon such party's request and at his or her cost. Counsel returning such Confidential Information shall certify in writing that all copies have been so returned or destroyed. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

15. All information designated as Confidential shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any challenged information shall not be covered by the terms of this Order and all proceedings and appeals challenging such decision have been concluded.

16. If another court or an administrative agency subpoenas or orders production of Confidential Information which a party or other person has obtained under the terms of this Order, such party or person shall give written notice to the party or person who designated the document or information as Confidential Information within five (5) business days of receipt of such subpoena or order. **Any protection from disclosure of Confidential Information to the**

1 **subpoenaing party must be obtained from the Court or administrative agency**
2 **issuing the subpoena or order.  (FFM)**
3       17.    The attorneys of record are responsible for employing reasonable
4 measures to control, consistent with this Order, duplication of, access to and
5 distribution of copies of Confidential Information.
6
7       APPROVED AND SO ORDERED
8 DATED:  October 15, 2013
9                                     /S/ FREDERICK F. MUMM
10                                      **Frederick F. Mumm**
                                    **United States Magistrate Judge**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Stephanie Short vs. International Brotherhood of Teamsters, et al.</u>, Case No. CV12-10993 GAF (FFMx) in the United States District Court for the Central District of California, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order to this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____          _____

                    Print Name: _____